IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY WAYNE HEBERT,
      Plaintiff,

vs.                                            3:07cv155/MCR/MD

JUDGE FRANK BELL
          Defendant.

## ORDER and
## REPORT AND RECOMMENDATION

     This case is before the court upon referral from the clerk.  Plaintiff initiated this case through the filing of a civil complaint and motion to proceed *in forma pauperis* on April 11, 2007.  (Doc. 1-2).  On April 26, 2007, this court entered an order granting leave to proceed *in forma pauperis* and assessing an initial partial filing fee of $24.00.  (Doc. 5).  This order was returned to the court as undeliverable on May 7, 2007 with the notation "no longer at this address."  (Doc. 6).  On May 10, the court entered a recommendation that this case be dismissed due to plaintiff's failure to keep the court apprised of his current address and to prosecute this action.  (Doc. 7).  On May 16, 2007, the initial partial filing fee was paid at the Clerk's office by a woman who identified herself as plaintiff's wife and who indicated that plaintiff was still incarcerated at the Escambia County Jail.  The reason that the court's previous order was returned as undeliverable is unknown.  However, in light of this information, the court's previous recommendation, that the plaintiff's case be dismissed for failure to prosecute, should be vacated and this recommendation entered in its place.

     In his complaint, plaintiff names as defendant Escambia County Circuit Judge Frank Bell.  Plaintiff's allegations center around Judge Bell's management of plaintiff's criminal

case.  He complains that Judge Bell allowed the prosecutor to change venue twice in the two weeks before trial, making it impossible for him to obtain a fair trial, that the sentence plaintiff received after his conviction was excessive, and that Judge Bell was biased against the plaintiff due to a personal experience he had had.  Plaintiff does not identify any rights that he claims were violated in the section of the complaint entitled "Statement of Claims" and he does not identify any relief that he seeks.  Requiring plaintiff to amend would be futile as his complaint is subject to dismissal on two grounds.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  Judge Bell, the only named defendant in this action, is immune from suit.  Judges acting in their judicial capacity are absolutely immune from damages suits. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *see also Sun v.Forrester*, 939 F.2d 924, 925-26 (11th Cir. 1991), *cert. denied*, 503 U.S. 921, 112 S.Ct. 1299, 117 L.Ed.3d 521 (1992). This immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988). Nothing in the plaintiff's allegations suggest that Judge Bell is not entitled to the protection of judicial immunity.

Even if Judge Bell were not immune from suit, plaintiff's claim regarding his criminal conviction and sentence would not be actionable under section 1983 since it is in the

nature of habeas corpus. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Even claims for restoration of gain time credit are properly treated as requests for habeas corpus relief. *Id*. at 489-90; *McKinnis v. Mosley*, 693 F.2d 1054, 1056-57 (11th Cir. 1982); *Johnson v. Hardy*, 601 F.2d 172, 173 (5th Cir. 1979). Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis*, 693 F.2d at 1057. Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The remedy of an extraordinary petition, specifically, a writ of mandamus or of habeas corpus, is available in the Florida Courts for plaintiff to pursue relief for his gain time issues. *See* FLA. CONST., art. V, § 5; FLA. R. CIV. P. 1.630, FLA. R. APP. P. 9.100. Further, plaintiff may file an appeal at the state level from an adverse decision of the lower court in this matter. *See* FLA. CONST., art. V, § 4; FLA. R. APP. P. 9.110.

Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the claim should be dismissed. The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct. at 2372. Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which

*Case No: 3:07cv155/MCR/MD*

he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional. *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); cf. *Porter v. White*, 2007 WL 1074714 (11th Cir. 2007) (plaintiff brought § 1983 action after criminal conviction was overturned due to *Brady* violation). Absent such an invalidation, the section 1983 suit must be dismissed. *Heck*, 512 U.S. at 486-487, 114 S.Ct. at 2372; see also *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003); *Hughes*, 350 F.3d at 1160.

Accordingly, it is ORDERED:

The report and recommendation entered on May 10, 2007 (doc. 7) is VACATED.

And it is respectfully RECOMMENDED:

That this cause of action be dismissed pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(iii).

At Pensacola, Florida, this 18th day of May, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:07cv155/MCR/MD*